# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABARYAAHLA AND AKIVA ISRAEL LIVING ESTATE c/o Gabaryaahla Israel, Executor, <br><br>Plaintiff,<br><br>v.<br><br>MIDFIRST BANK, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-1255-D<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Plaintiff's pro se Complaint [Doc. No. 1]. Upon review, the Court finds that the complaint does not comply with Federal Rule of Civil Procedure 8. Rule 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Pro se litigants are not excused from Rule 8's requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.").

Although a pro se complaint must be liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th

1

Cir. 2005). Rather, dismissal is appropriate where a pro se complaint is unreasonably long, rambling, and otherwise filled with irrelevant material. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of a 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter") (internal citations omitted).

Despite a liberal construction, it is difficult to discern the basis of Plaintiff's claims for relief. With exhibits, Plaintiff's complaint is 230 pages long. Plaintiff sues 17 defendants, including the United States of America, Jane and John Doe, the US Department of Housing and Urban Development, and Midfirst Bank. Plaintiff alleges, among other claims, breach of fiduciary duty, "war crimes, kidnapping, treason; the operation in equity with unclean hands[,]" and "voluntary surrender of all equity claims." The attached exhibits include expert affidavits, property analysis reports, loan analysis reports, lists of "affirmative defenses," certain "foreclosure rights," and various statutory provisions. Most of these exhibits appear to relate to a foreclosure action in Canadian County.

The Court finds the complaint is confusing and unreasonably long. Dismissal is therefore proper. *See Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.").

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. Within 21 days from the date of this Order,

Plaintiff may file an amended complaint that complies with Rule 8(a).  If no pleading is filed within 21 days, this action will be dismissed without prejudice to a future filing, without further notice to Plaintiff.

    **IT IS SO ORDERED** this 23rd day of January, 2025.

_____<br>
TIMOTHY D. DeGIUSTI<br>
Chief United States District Judge