IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABARYAAHLA AND AKIVA ISRAEL LIVING ESTATE c/o Gabaryaahla Israel, Executor, <br><br>  Plaintiff, <br><br> v. <br><br> MIDFIRST BANK, et al., <br><br>  Defendants. | ) ) ) ) ) ) ) ) Case No. 24-1255-D ) ) ) ) ) |

**<u>ORDER</u>**

Before the Court is Plaintiff's amended pro se Complaint [Doc. No. 3], entitled "Amended Complaint Affidavit of Forgery with no Landlord-Tenant Relationship."

District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir.2010) (citing *Link v. Wabash* R.R. Co., 370 U.S. 626, 630–31 (1962); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir.1993)). This power includes the ability to "dismiss a frivolous or malicious action ... even in the absence of [a] statutory provision." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 306–07 (1989) (quotation marks omitted).

Federal Rule of Civil Procedure 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The pleading standard Rule 8 announces "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

1

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pro se litigants are not excused from Rule 8's requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). Although a pro se complaint must be liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Upon review of Plaintiff's Amended Complaint, the Court finds that Plaintiff makes no discernible factual allegations against 18 of the 19 named Defendants. Absent any factual allegations, Plaintiff's claims against said Defendants are subject to dismissal.

Plaintiff focuses his complaint on Defendant Midfirst Bank, but mainly makes conclusory statements devoid of factual support. Among other assertions, the Complaint states the following:

> 6. Plaintiff asserts that mortgage documents contain forged signatures and were altered to fraudulently transfer property interests without proper authority.
> …
> 9. Plaintiff denies the existence of any tenant-landlord relationship with Defendant.
> …
> 11. Defendant breached fiduciary duties by failing to disclose securitization of Plaintiff's mortgage, rendering the contract unenforceable.
> …
> 13. Defendant violated Generally Accepted Accounting Principles (GAAP) as outlined in Financial Accounting Standards Board (FASB) Statement 95, page 21, by failing to disclose securitization transactions.

    14. The Affidavit of Walker Todd demonstrates banks do not lend their own funds but instead leverage promissory notes as assets.

…

    18. *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), establishes that pleadings must be supported by competent evidence, which Defendant failed to provide.

Upon review of Plaintiff's allegations, the Court finds that the Complaint is subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8.

What allegations may exist are unadorned and difficult to understand. For example, it is not clear why Plaintiff denies the existence of a tenant-landlord relationship, or what that has to do with the purportedly forged mortgage documents. In ¶ 11, the Court is not sure what "contract" Plaintiff refers to, and the remaining claims appear to be bald legal assertions related to various consumer protection statutes.[1] To the extent Plaintiff attempts to assert a fraud claim, Plaintiff's pleading wholly misses the mark of Fed. R. Civ. P. 9(b), requiring fraud to be pled with particularity.

    **IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint [Doc. No. 3] is **DISMISSED WITHOUT PREJUDICE**. Within 21 days from the date of this Order, Plaintiff may file an amended complaint that complies with Rule 8(a).[2] If no pleading is

---

[1] Furthermore, the Amended Complaint cites what appear to be irrelevant legal authorities. In *Trinsey v. Pagliaro*, for example, the Eastern District of Pennsylvania denied a motion to dismiss, partly because the defendants in that case failed to attach supporting evidence. *See Trinsey v. Pagliaro, Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964). It is unclear how that relates to Defendants' alleged violations of the "Securities Act" that Plaintiff recounts just before the citation.

[2] To that end, Plaintiff is encouraged to review the Court's Pro Se Guide; https://www.okwd.uscourts.gov/sites/okwd/files/REVISED_PRO_SE_GUIDE_WITH_FORMS.pdf

3

filed within 21 days, this action will be dismissed without prejudice to a future filing and without further notice to Plaintiff. Defendants' motions to dismiss [Doc. Nos. 8, 10] are **DENIED** as moot.

    **IT IS SO ORDERED** this 7th day of February 2025.

                                          TIMOTHY D. DeGIUSTI
                                          Chief United States District Judge