IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABARYAAHLA ISRAEL and<br>AKIVA ISRAEL, Beneficiaries,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>    Defendants. | Case No. CIV-24-1255-D |

**ORDER**

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint for Fraud, Quiet Title, Injunctive Relief, Breach of Contract, Declaratory Judgment, Damages, Racketeer Influenced Corrupt Organizations Act (RICO) Violations, and Trover (Doc. No. 16) [Doc. No. 24], and Midfirst Bank's Rule 12(b)(6) Motion to Dismiss and Brief in Support [Doc. No. 27]. Defendants seek dismissal of Plaintiffs' Second Amended Complaint [Doc. No. 16] for failing to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In the latter motion, Defendant Midfirst Bank ("Midfirst") also argues dismissal is appropriate pursuant to the Rooker-Feldman doctrine.

Plaintiffs, who are self-represented, failed to respond to the motions to dismiss within 21 days as required by LCvR7.1(g) (establishing a 21-day deadline, and noting "Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."). *See Ricketts v. Hobbs*, No. CIV-22-466-D, 2022 WL 3333536, at *1 (W.D. Okla. July 14, 2022) ("Plaintiff[s] appear[ing] pro se; nonetheless, [ ] must follow the same

1

rules as any other litigant.") (citing *Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007).

For the reasons stated below, the motions are granted; Plaintiffs' complaint is dismissed as set forth below.

**Background**

Plaintiffs brought this action against Defendants[1] alleging, among other claims, fraud, trover, unjust enrichment, RICO violations under 18 U.S.C. § 1962, and the violation of various consumer protection statutes including the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 27 *et seq*.

Plaintiffs ask the Court to enjoin a foreclosure action proceeding in Canadian County District Court,[2] provide declaratory relief for "fraudulent mortgage assignments," and award damages.

A review of the complaint demonstrates that Plaintiffs' claims, in essence, rest on two underlying factual allegations. First, Plaintiffs aver that they delivered to Defendant Caliber Home Loans, Inc. a mortgage and promissory note covering a piece of real property. According to the complaint, the loan was later securitized by Defendant Government National Mortgage Association ("Ginnie Mae") "into Ginnie Mae REMIC

---

[1] The Court here refers to all Defendants, not only those Defendants that filed the instant motions under consideration.

[2] Although not cited directly in their complaint, the court takes judicial notice of *MidFirst Bank v. Gabaryaahla Israel, et. al.*, Case No. CJ-2024-378 (see link) (Accessed May 7, 2025) (judgment filed on 4-18-2025); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... concerning matters that bear directly upon the disposition of the case at hand.").

2

Trust 201116-024," and then assigned to Defendant MidFirst Bank. Second, Plaintiffs aver that Defendants[3] "received an insurance claim payout" covering the value of the property but failed to disclose the payout to Plaintiffs.

From these basic facts, Plaintiffs assert that the loan's securitization and assignment released Plaintiffs from their underlying obligations, the insurance payout further satisfied the loan, and Defendant MidFirst Bank "illegally" collected payments despite knowing that the loan was satisfied.

## Rooker-Feldman Doctrine

In its motion [Doc. No. 27], Midfirst argues this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Generally, "the Rooker–Feldman doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (internal citations omitted). Because judgment has already been entered in the state court proceeding that Plaintiffs ask this Court to enjoin, Midfirst argues Rooker-Feldman applies to preclude subject matter jurisdiction.

In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court addressed the Rooker-Feldman doctrine's application to situations where, like here, a plaintiff has commenced an action in federal court during the pendency of the state court case. The Supreme Court stated, "the pendency of an action in the state court is

---

[3] It is unclear here which Defendants Plaintiffs refer to.

3

no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id*. at 292. Furthermore, under such circumstances, "Rooker-Feldman is not triggered [even] by the entry of judgment in state court." *Id.* Although preclusion law may apply in such situations, Rooker-Feldman does not operate to limit this Court's subject matter jurisdiction.

## Standard of Decision

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard for fraud is, however, higher. A party alleging fraud must "state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiffs. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). It must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds for a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.*; *see also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citation omitted)). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Lastly, although a pro se party's pleadings must be liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

Upon consideration, the Court finds Plaintiffs' complaint fails to state a claim for which relief can be granted. Liberally construing Plaintiffs' complaint and accepting all well-pled factual averments as true, applicable law reflects the Tenth Circuit has held that "[s]ecuritization of a note does not alter the borrower's obligation to repay the loan; it is a separate contract, distinct from the borrower's debt obligations under the note." *Ladouceur v. Wells Fargo*, 682 F. App'x 649, 652 (10th Cir. 2017). Plaintiffs' theory that the loan was "paid off via securitization" is therefore facially implausible. *See also Berry v. Wells Fargo Bank, N.A.*, No. 20-30670, 2022 WL 728969, at *5 (5th Cir. Mar. 10, 2022) (holding that

5

"the faulty securitization argument" has been "resoundingly rejected by federal courts across the country.") (citations omitted).[4]

Plaintiffs' complaint contains an additional, underlying factual allegation—that the loan was satisfied through an "insurance claim payout" (*see* "Double Dipping—Insurance Payout Fraud"). This allegation, however, fails to comply with Fed. R. Civ. P. 9(b). Specifically, Plaintiffs allege that "Defendants received an insurance claim payout for the property but failed to disclose it to Plaintiffs, continuing to demand mortgage payments and initiate foreclosure." To allege fraud under Rule 9(b), however, the pleader must allege "the who, what, when, where, and how of the alleged fraud…the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (citations omitted), *abrogated on other grounds by Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262 (2019). Plaintiffs' single-sentence factual allegation does not meet this pleading standard.

Having addressed both sets of alleged underlying facts, upon examination the Court finds that none of the complaint's remaining allegations, including those made against all other Defendants,[5] satisfy the requirements set forth by *Twombly*, *Iqbal*, and their progeny.

---

[4] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[5] The Court here analyzes the complaint under its inherent power to manage its docket. *See McKinney v. State of Okl., Dep't of Hum. Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (holding "a *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, *see* [Citation], and allowing him an opportunity to amend his complaint would be futile."). *See also Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 306–07 (1989) (The

Simply put, the remaining claims bear no reasonable relation to Plaintiffs' two underlying factual averments. For example, Plaintiffs state "Defendants, collectively and individually" participated in a "[p]attern of racketeering activity[;]" "misrepresented the nature of Plaintiffs' mortgage[;]" "[i]nitiated [a foreclosure action] without legal standing in violation of UCC, TILA, and RESPA[;]" and "unlawfully collected payments on a satisfied debt." These are bare legal conclusions that either relate to the two factual allegations referenced above or are unrelated to any discernible factual allegation. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based[.]" *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1168 (10th Cir. 2012); *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (holding that pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). All remaining claims are therefore subject to dismissal.

## Conclusion

28 U.S.C. § 1738 requires "federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which

---

district court's power includes the ability to "dismiss a frivolous or malicious action ... even in the absence of [a] statutory provision." (quotation marks omitted)); 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."); *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) ("[A]s our sister circuits have recognized, there are instances in which '*sua sponte* dismissals of complaints under Rule 12(b)(6) are appropriate.'" (citing cases)).

the judgments emerged." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (internal citations omitted). Furthermore, the preclusive doctrine of "res judicata … prevent[s] a party from litigating a legal claim that was or *could have been* the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (emphasis added) (internal citations omitted). "The principle underlying the rule … is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted).[6]

Here, a judgment has already been entered in a foreclosure action in Canadian County District Court between many, but not all, of the same parties.[7] Plaintiffs, however, ask this Court to enjoin the state court proceeding and enter certain findings going to the merits of the underlying foreclosure. Section 1738 and the doctrine of res judicata prevent the Court from doing so.[8]

Moreover, the Court notes that it has previously provided Plaintiffs with notice of the requirements of Rules 8(a) and 9(b). *See* Order [Doc. No. 11] ("Upon review of Plaintiff[s'] allegations, the Court finds that the Complaint is subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8."); ("To the extent Plaintiff[s] attempt[]

---

[6] To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997).
[7] *See supra* Note 2.
[8] To the extent the parties align between the state court judgment and this action, Plaintiffs are barred from bringing any claims that could have been brought before the state court.

8

to assert a fraud claim, Plaintiff[s'] pleading wholly misses the mark of Fed. R. Civ. P. 9(b)"). Therefore, and considering the three complaints already filed in this action, the Court finds no additional opportunity to amend is necessary.[9]

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint for Fraud, Quiet Title, Injunctive Relief, Breach of Contract, Declaratory Judgment, Damages, Racketeer Influenced Corrupt Organizations Act (RICO) Violations, and Trover (Doc. No. 16) [Doc. No. 24], and Midfirst Bank's Rule 12(b)(6) Motion to Dismiss and Brief in Support [Doc. No. 27], are **GRANTED**. Because this Court has analyzed all claims as alleged against all Defendants, the action is properly **DISMISSED** in its entirety without prejudice and without leave to amend. A separate judgment will be entered accordingly. Defendant, Samuel A. Ramirez & Company, Inc.'s, Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Failure to State a Claim [Doc. No. 21], and Mortgage Electronic Registration Systems, Inc.'s Rule 12(b)(6) Motion to Dismiss and Brief in Support [Doc. No. 29] are **DENIED** as moot.[10]

**IT IS SO ORDERED** this 11th day of July, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[9] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n. 4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Services*, 181 F.3d 1180, 1185-87 (10th Cir. 1999)).

[10] In Doc. No. 21, Defendant Samuel A. Ramirez & Company, Inc. seeks dismissal under both Fed. R. Civ. P. 12(b)(6) and for lack of personal jurisdiction.