IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABARYAAHLA ISRAEL and AKIVA ISRAEL, <br><br> Plaintiffs, <br><br> v. <br><br> CALIBER HOME LOANS, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. CIV-24-1255-D ) ) ) ) ) |

## ORDER

On July 11, 2025, the Court dismissed this action in its entirety without prejudice and without leave to amend [Doc. No. 30]. The Court entered Judgment the same day [Doc. No. 31].

Before the Court is Plaintiffs' filing titled "Complaint for Temporary Restraining Order and Injunctive Relief" [Doc. No. 32]. In the filing, Plaintiffs ask for "[a] Temporary Restraining Order" voiding a sheriff's sale of a property in Yukon, Oklahoma.

As stated above, the Court previously dismissed this action without prejudice. Plaintiffs did not timely appeal or seek relief under Fed. R. Civ. P. 59. To the extent Plaintiffs' filing may be construed as a motion under Rule 60, such relief may "only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (internal quotation marks omitted).[1]

---

[1] "Although we liberally construe *pro se* filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 N.1 (10th Cir. 2008).

Nothing in Plaintiffs' filing demonstrates that the requirements of Rule 60 have been met—i.e. exceptional circumstances, newly discovered evidence, fraud, etc.[2] Plaintiffs instead seek to reargue the merits of their dismissed complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' "Complaint for Temporary Restraining Order and Injunctive Relief" [Doc. No. 32] is **DENIED**.

**IT IS SO ORDERED** this 26th day of August, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Rule 60(b) allows the Court to relieve a party of a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."